HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IN RE ARTHUR WEST

MC11-5022RBL

BAR ORDER AGAINST PLAINTIFF
ARTHUR WEST IN THE WESTERN
DISTRICT OF WASHINGTON

THIS MATTER comes before the United States District Court, in the Western District of Washington, on the Court's own motion in response to the filings of pro se Plaintiff Arthur West, and upon West's response to this Court's Order to Show Cause. The Court orders that West be permanently barred from further litigation in this District.

## I.     INTRODUCTION

Arthur West has filed or joined at least forty-nine cases in Washington state courts. He has been a party to eighteen cases in the Western District of Washington since 1999, four in the last year alone. *See* Appendix A. The vast majority of those cases were dismissed. *See West v. United States Sec'y of Transp. et al*, 06-05516-RBL, Order Granting Def.'s Mot. to Dismiss, Dkt. #59, at p. 4 ("[N]one of the purported bases for subject matter jurisdiction cited in the amended complaint provide even an arguably valid basis for the exercise of jurisdiction over the claims asserted in the amended complaint against the U.S. Army Corps of Engineers."); *West v.*

ORDER - 1

*United States Sec'y of Defense et al*, 07-5580-RBL, Order Granting Def.'s Mot. to Dismiss., Dkt. #41, at p. 11 ("Plaintiff produces no evidence beyond his bare allegations"); *West v. Johnson et al*, 08-5741-RJB, Order Granting Def.'s Mot. to Dismiss, Dkt. #114, at p. 6 ("Plaintiff's 'everything but the kitchen sink' approach leaves the [defendants] to guess which violation each is alleged to be responsible for"); *West v. Thurston County of et al*, 99-05913-FDB-JKA, Dkt. #15, at p. 3 ("Plaintiff's Complaint is conclusory and sets forth no facts or law which would support his claim against *any* of the named Defendants" (emphasis in original)); and *West et al v. Weyerhaeuser Co. et al*, 08-00687-RSM, Order of Dismissal, Dkt. #48, at p. 1 ("The complaint is difficult to decipher").

West is also subject to an order issued by Judge Benjamin Settle of this District, barring West from further legal action against any state or federal judge, any commissioner or employee of Thurston County, Thurston County itself, any commissioner or employee of King County, King County itself, and the Patterson Buchanan law firm. *See West v. Maxwell*, 10-5275-BHS, Bar Order, Dkt.# 59, at p. 19–20. Judge Settle found that West's litigation was "frivolous and harassing" and that West himself is a "vexatious litigant." *Id.* at 11.

West's complaints rarely articulate a cognizable injury. Instead, West appears to use these pleadings to vent outlandish frustrations with state and federal authority. *See West v. Chushkoff et al.*, no. 10-5547-RBL, West's Complaint, Dkt. #1, at p. 4 ("[West] is subjected to a culture of prejudice and discrimination against citizens in the Courts that is reminiscent of the social customs of apartheid in South Africa." ); *West v. Hilyer et al.*, no. 10-05395-RBL, West's Reply, Dkt. #45, at p. 5 ("West has been and continues to be damaged by costs incurred in discovering and responding to the takeover of democratic government perpetrated under false color of law by the AWC and its unholy brethren [sic] of darkness"); and *McCall v. Intercity*

*Transit et al.*, no. 10-5564-RBL, West's Resp. and Decl., Dkt. #34, at p. 2 (claiming injury from Intercity Transit's "scorched earth and extortionate attorney tactics").

Furthermore, West rarely, if ever, makes claims supported by fact or law. *See West v. Chushkoff et al* (accusing the AWC of "racketeering" under the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §1962, without any facts to support a claim under RICO or fraud of any kind); *West v. Hilyer et al* (attempting to sue the judge and defendants of a prior state court action, for conspiring and colluding against him resulting in unfavorable court rulings); and *McCall v. Intercity Transit et al* (joining a lawsuit, the underlying action of which he had no personal knowledge).

## II.   AUTHORITY

Courts may bar vexatious litigants from filing frivolous and harassing lawsuits. "District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissma v. Quail Lodge*, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999). These bar orders "may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Id.*

Pro se pleadings and motions are liberally construed. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."). However, despite the generous latitude afforded to pro se plaintiffs, judicial review of "frequently diffuse" pro se filings must remain within the bounds of common sense. *McKinney v. DeBord*, 507 F.2d 501, 504 (9th Cir. 1974).

## III. BAR ORDER

**Plaintiff Arthur West is barred from further litigation in the U.S. District Court, Western District of Washington.**

Even under the most generous reading of any of Arthur West's endless complaints, this Court concludes that West is a vexatious litigant that has abused his privilege to request judicial relief. He has clogged this Court's docket with an unending string of factually and legally meritless claims, wasting precious judicial resources, and distracting the Court from other pleadings worthy of the Court's time and attention.

As a sanction of this incessant and baseless litigation under Rule 11 of the Federal Rules of Civil Procedure, the Court hereby ORDERS as follows:

1. Plaintiff Arthur West will file NO NEW ACTIONS in the Western District of Washington while this Order is pending, absent leave of court. Any attempted filing will be returned by the Clerk of Court's office (in Tacoma or Seattle) to the Plaintiff, undocketed.

2. In the event West seeks to commence a new action, he shall make a pre-filing affirmative showing to this Court that: (1) any proposed cause of action is within the jurisdiction of this Court; (2) the claim asserted meets the requirements of the Federal Rules of Civil Procedure, particularly Rule 8, and is not subject to immediate dismissal under the Rules, particularly Rule 12(b)(6); and (3) West has alleged a cognizable injury and otherwise has standing to bring his action in federal court. The Court will review any pre-filing that Plaintiff presents and determine whether a new action shall be opened. In the event the Court determines that the pre-filing does not meet the criteria above, it will not be opened and will be instead docketed in this Miscellaneous case and no further action will be taken.

3. Violation of this Order may result in the imposition of sanctions.

The Clerk of Court is directed to send a copy of this Order to Plaintiff Arthur West.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2011.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

# APPENDIX A

| Case Number | Case Name | Filed | Closed |
|---|---|---|---|
| 2:08-cv-00687-RSM | West et al v. Weyerhaeuser Company et al | Filed 05/01/08 | closed 04/08/09 |
| 3:06-cv-05516-RBL | West v. United States Secretary of Transportation et al | filed 09/08/06 | closed 12/17/07 |
| 3:07-cv-05580-RBL | West v. United States Secretary of Defense et al | filed 10/22/07 | closed 06/18/08 |
| 3:08-cv-05741-RJB | West v. Johnson et al | filed 12/12/08 | closed 09/10/09 |
| 3:09-cv-05456-BHS | John Doe #1 et al v. Reed et al | filed 07/28/09 | |
| 3:10-cv-05275-BHS | West v. Maxwell et al | filed 04/22/10 | closed 09/01/10 |
| 3:10-cv-05381-RBL | West v. Northern Spotted Owl Policy Work Group et al | filed 05/28/10 | closed 11/08/10 |
| 3:10-cv-05395-RBL | West v. Hilyer, et al., | filed 06/04/10 | closed 06/15/11 |
| 3:10-cv-05547-RBL | West v. Chushkoff et al | filed 08/05/10 | closed 06/15/11 |
| 3:10-cv-05564-RBL | McCall et al v. Intercity Transit et al | filed 08/11/10 | closed 06/15/11 |
| 3:11-cv-05205-RBL | West v. Port of Tacoma et al | filed 03/16/11 | |
| 3:89-cv-00014-JET | West v. Jones, et al | filed 01/06/89 | closed 02/13/90 |
| 3:92-cv-05469-FDB | West v. Bartholemew, et al | filed 09/21/92 | closed 08/25/94 |
| 3:93-cv-05174-RJB | West v. Eikenberry, et al | filed 04/09/93 | closed 03/23/94 |
| 3:96-cv-05179-RJB | West v. Secretary of Defense, et al | filed 03/18/96 | closed 12/15/00 |
| 3:96-cv-05453-RJB | West v. Trans Secretary of, et al | filed 05/13/96 | closed 11/13/02 |
| 3:98-cv-05300-RJB | West, et al v. Secy of Transp, et al | filed 06/03/98 | closed 06/15/99 |
| 3:99-cv-05193-FDB-JKA | West v. Thurston County of, et al | filed 04/02/99 | closed 05/13/99 |